UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVETTE SMITH,

    Plaintiff,

v.                                        CASE NO: 8:04-cv-1924-T-23TBM

THE HOME DEPOT WELFARE
BENEFITS PLAN,

    Defendant.
_____/

**ORDER**

Pursuant to section 502(a), Employee Retirement Income Security Act ("ERISA"), Yvette Smith sues the Home Depot Welfare Benefits Plan ("Home Depot") to recover long-term disability benefits under an employee benefit plan administered by Metropolitan Life Insurance Company ("MetLife").[1] As the result of an automobile accident, Smith suffered a back injury that prevented her working. Smith applied for benefits under the Home Depot employee benefits plan (the "plan"). MetLife granted Smith short-term and long-term benefits. However, after determining that Smith's injury qualified as a "soft tissue disorder," MetLife terminated Smith's long-term benefits. The plan limits long-term benefits to twenty-four months for "soft tissue disorders," which include any "disease or disorder of the spine or extremities and their surrounding soft

---

[1] Although Smith improperly fails to name MetLife as a defendant, MetLife's counsel at a hearing before Magistrate Judge McCoun stated that MetLife will not seek relief from an adverse judgment on the ground that Smith failed to properly name MetLife as a defendant.

tissue." The plan excludes certain conditions from the long-term benefits limitation. Smith appealed the termination and argued that she suffers from cervical radiculopathy and cervical myelopathy, two conditions expressly excluded from the limitation for "soft tissue disorders." Smith's request for unlimited long-term benefits and the appeal of the termination were denied.

Smith moves (Doc. 16) for summary judgment and argues that the plan's "soft tissue limitation" is ambiguous and that the ambiguity should be construed in her favor. Alternatively, Smith argues that the decision to deny benefits was incorrect because Smith provided objective evidence that she suffered from cervical radiculopathy and cervical myelopathy. MetLife moves (Doc. 25) for summary judgment and argues that the administrator's decision to deny Smith's request for long-term benefits was correct.

The parties' cross-motions for summary judgment (Docs. 16, 25) were referred to United States Magistrate Judge Thomas B. McCoun, III, who issues (Doc. 37) a report that recommends granting in part Smith's motion for summary judgment and denying MetLife's motion for summary judgment. Magistrate Judge McCoun recommends denying Smith's motion on the issue of ambiguity and neither party objects. Accordingly, the Magistrate Judge's recommendation on the issue of ambiguity is **ADOPTED**. Smith's motion for summary judgment on the issue of ambiguity is **DENIED**. Magistrate Judge McCoun recommends granting Smith's motion on the issue of whether MetLife wrongfully terminated Smith's long-term disability benefits. Judge McCoun reviews the administrative record and determines that the administrator's

decision to deny benefits was wrong but reasonable.[2]  However, because the administrator's decision advances a conflicting interest at Smith's expense, Judge McCoun determines that the decision was arbitrary and capricious.  MetLife objects (Doc. 39) to the recommendation and argues that the Magistrate Judge erred (1) by interpreting a medical report in the improper role of a "medical expert or claims administrator," (2) by finding that the administrative decision to deny benefits was unsupported, (3) by "going outside the record and obtaining its own expert information," and (4) by concluding that Smith should receive past benefits.

MetLife argues that the Magistrate Judge erroneously searched "outside the record and obtain[ed] expert advice on a dispositive issue" and, by relying on the advice, "stepped into the role of claims examiner or medical expert."  Specifically, MetLife objects to the Magistrate Judge's providing a definition of "Spurling test" from the website of "University of Florida's College of Medicine Center for Musculoskeletal Pain Research."  The definition demonstrates neither that the Magistrate Judge inappropriately sought expert advice nor that the Magistrate Judge acted as anything but an impartial judicial officer.  The Magistrate Judge merely provides a footnote containing a definition of a medical term included in Smith's pertinent medical records.[3]  The record contains no evidence that the Magistrate Judge improperly acted as either a "medical expert" or "claims administrator."  The Magistrate Judge's report and

---

[2] Judge McCoun determines that objective evidence exists to demonstrate that Smith suffers from cervical radiculopathy.  However, Judge McCoun determines that no objective evidence of myelopathy exists "to satisfy the exclusion to the limitation for soft tissue disorders."  No party objects to the Magistrate Judge's finding and the finding as to myelopathy is **ADOPTED**.

[3] MetLife fails to challenge the accuracy of the definition and concedes that the University of Florida website qualifies as a reliable source.

- 3 -

recommendation relies on nothing more than the parties' evidence and legal argument provided by the cross-motions for summary judgment, including the parties' conflicting interpretation of a "positive Spurling test."[4]  Further, MetLife fails to demonstrate an error in the Magistrate Judge's finding of objective evidence of cervical radiculopathy.

MetLife objects to the Magistrate Judge's "reinstatement of benefits" and argues that remand is the appropriate remedy because "MetLife has not yet had the opportunity to consider [Smith's] claims based on the plan's 'any occupation' definition."  However, the record reveals that although MetLife opted not to consider the complete question of whether Smith qualified for long-term benefits, Smith presented evidence of her disability and presented MetLife with "ample opportunity to obtain evidence for the record" to rebut her claims  Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1327 (11th Cir. 2001).

Accordingly, MetLife fails to demonstrate any error in the report and recommendation and the objections (Doc. 39) are **OVERRULED**.  The Magistrate Judge's report and recommendation (Doc. 37) is **ADOPTED**.  MetLife's motion (Doc. 25) for summary judgment is **DENIED**.  Smith's motion (Doc. 16) for summary judgment is **GRANTED IN PART**.  MetLife wrongfully terminated Smith's long-term disability benefits.  MetLife is directed to reinstate Smith in the plan and to provide past due benefits from the date benefits were terminated.  The Clerk is directed to enter

---

[4]Smith's motion for summary judgment provides a definition of radiculopathy that includes "the irritation of a nerve root at any level of the spine" and argues that a "positive Spurling test eliciting shoulder pain or arm pain is indicative of cervical nerve root compression." MetLife's motion for summary judgment counters that a "positive Spurling test" indicates "possible" cervical nerve root compression but does not provide a diagnosis.

- 5 -

judgment in favor of Smith and against MetLife on the issue of whether MetLife wrongfully terminated Smith's long-term disability benefits.  The Court retains jurisdiction to resolve any dispute over the amount of benefits owed and any motion for fees and costs.

ORDERED in Tampa, Florida, on July 12, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE


cc:	US Magistrate Judge
	Courtroom Deputy